■ ONONDAGA SOIL TESTING, INC., Respondent, v BARTON, BROWN, CLYDE & LOGUIDICE, P. C., Appellant.—Order unanimously reversed, without costs, and motion denied. Memorandum: Plaintiff Ondondaga Soil Testing, Inc. (Onondaga Soil), commenced separate actions against defendant, Barton, Brown, Clyde & Loguidice, P. C. (Barton) and Clay D. Smith (Smith) to obtain payment for test borings upon a project in which both were involved. A motion in Syracuse City Court by plaintiff for summary judgment in the consolidated actions was denied. County Court reversed, granting judgment to Onondaga Soil against Barton for $2,769.54 and judgment to Smith against Onondaga Soil. We have for review the order and judgment against Barton; no appeal was taken in the Smith action. The burden of proof on a motion for summary judgment under CPLR 3212 rests upon the moving party. Summary judgment may not be granted whenever the pleadings raise clear, well-defined and genuine issues, nor may it be granted whenever there is doubt as to the existence of a triable issue *(Falk v Goodman,* 7 NY2d 87). The evidence produced must eliminate material and triable issues of fact, even where the opposing papers are insufficient *(Monroe Abstract & Tit. Corp. v Giallombardo,* 54 AD2d 1084; *Walski v Forma,* 54 AD2d 776). It was improper therefore to predicate judgment on plaintiff's supporting affidavit from Smith which alleged material facts and representations on information and belief. The requirement of knowledge is not met if the affidavit merely alleges facts upon information and belief and no statement is made as to the sources of the information or grounds of belief (see 6 Carmody-Wait 2d, NY Prac, § 39:20). The court disregarded Barton's affirmative defense and the agreement between Barton and Smith. In addition the failure of Onondaga Soil to submit an affidavit of an employee or person

having personal knowledge of the alleged oral contract requires a denial of the motion *(Harding v Buchele,* 59 AD2d 754). The drastic remedy of summary judgment should not be granted where there is any doubt as to the existence of factual issues *(Millerton Agway Coop. v Briarcliff Farms,* 17 NY2d 57) or where the issue is arguable *(Glick & Dolleck v Tri-Pac Export Corp.,* 22 NY2d 439). The record discloses that triable issues of fact have been raised by Barton. (Appeal from order of Onondaga County Court—summary judgment.) Present—Simons, J. P., Hancock, Jr., Callahan, Witmer and Moule, JJ.