■ KEITH R. WOOD et al., Respondents, v HARRISON J. NOURSE, Defendant, and OATKA VALLEY CONSTRUCTION COMPANY, INC., Appellant. Memorandum: Defendant, Oatka Valley Construction Company, Inc., (Oatka), moved for summary judgment pursuant to CPLR 3212 to dismiss plaintiff's complaint for personal injuries suffered by plaintiff while working on a construction site. The complaint alleges causes of action based

on claimed violations of Labor Law §§ 200 and 241 and common-law negligence. In support of its motion, Oatka submitted proof in evidentiary form which established that the owner, a codefendant, had hired separate prime contractors to remodel his restaurant; that no contract existed between Oatka and plaintiff's employer; that neither Oatka nor any of its employees had any right to, or did in fact, exercise any supervision or control over plaintiff or his employer; that neither Oatka nor any of its employees controlled or supervised the use of any ladders, boards, wood or other tools used by plaintiff or his employer; and that all wood on the jobsite was provided by the owner.

Although plaintiff as the party opposing the motion is entitled to a presumption of favorable inferences from the facts presented *(Zuckerman v City of New York,* 49 NY2d 557), he must present evidentiary facts to create issues requiring trial on the facts established by Oatka *(Burton v Ertel,* 107 AD2d 909). There is no dispute that Oatka was an independent prime contractor *(see, Russin v Picciano & Son,* 54 NY2d 311) and that each contractor on the project was hired separately. While plaintiff disputes Oatka's contentions that it did not own, control or provide the lumber upon which the plaintiff tripped, no evidentiary facts in admissible form were presented by plaintiff. The contentions of plaintiff and his attorney, made only upon information and belief, that the lumber was residue of work performed by Oatka do not suffice as proof in evidentiary form to create a question of fact requiring trial *(Onondaga Soil Testing v Barton, Brown, Clyde & Loguidice,* 69 AD2d 984). There being no proof in evidentiary form that Oatka provided or placed the lumber, and there being no proffered excuse by plaintiff to explain his failure to meet the strict requirements of proof under CPLR 3212, no question of fact was created which would require trial *(Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065). (Appeal from order of Supreme Court, Wyoming County, Cook, J.—summary judgment.) Present—Callahan, J. P., Denman, Pine, Balio and Lawton, JJ.