■ SUSAN DASILVA, Respondent, v JANTRON INDUSTRIES, INC., Appellant. (And a Third-Party Action.)—In an action to recover damages for personal injuries, Jantron Industries, Inc. appeals from an order of the Supreme Court, Kings County (Dowd, J.), dated June 30, 1988, which denied its motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff, an employee of the third-party defendant Manufacturers Hanover Trust Co. Inc. (hereafter MHT), claims that she was injured on May 17, 1985, when a piece of sheet metal fell through an aperture in the ceiling at an MHT branch location. The action was commenced solely against the appellant, Jantron Industries, Inc. (hereafter Jantron). The complaint alleged that Jantron is an air-conditioning contractor which was working at the branch bank premises when the plaintiff was injured. Ralph Centrella, the supervising engineer in charge of heating and air conditioning for MHT, testified at his examination before trial that a water tower was being installed on the roof. He stated that while attempting to secure the roof area from the effects of a strong wind, he inadvertently dropped a piece of plywood through the roof opening down into the area where the plaintiff was allegedly struck. This MHT employee further testified that MHT was, in effect, its own general contractor, that Jantron was a masonry contractor, that another firm was the air-conditioning contractor, and that no employee of Jantron or any other contractor was present at the site at the time of the occurrence. In another deposition, a masonry worker employed by Jantron testified that Jantron did not use sheet metal or plywood fitting the description of the piece dropped by Mr. Centrella. The plaintiff refuted none of this testimony.

Jantron moved for summary judgment on the ground that it was not liable for the plaintiff's injuries as a matter of law under any theory of liability. The Supreme Court denied the motion, stating that there were questions of fact concerning Jantron's activities on the roof which may support a theory of liability under Labor Law § 241 (6). We disagree.

Labor Law § 241 (6) places on owners, contractors and their agents an absolute duty to keep areas in which construction work is being performed safe for those employed at such places. A subcontractor such as Jantron, however, can be liable under the statute only when it is in supervision or control of the area involved or the work which gives rise to the injury *(see, Russin v Picciano & Son,* 54 NY2d 311; *Brown v Two Exch. Plaza Partners,* 146 AD2d 129; *Wood v Nourse,* 124 AD2d 1020; *Nowak v Smith & Mahoney,* 110 AD2d 288).

As the masonry subcontractor, Jantron was expected to clean up after doing its masonry work and could, therefore, be potentially liable for failure to comply with that responsibility. However, in this case, Jantron has clearly established that it was not involved with, nor was it charged with, the removal of sheet metal or of the type of plywood which was dropped by the bank's employee. Further, the undisputed facts reveal that Jantron had no control over the area involved in this occurrence at the time of this incident. Under these facts, Jantron did not possess the control over the worksite required under Labor Law § 241 (6) *(see, Russin v Picciano & Son,* 54 NY2d 311, *supra).*

In view of these facts, Jantron has satisfied its burden of demonstrating that it was not liable to the plaintiff under any theory of negligence, as a matter of law *(see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Wertheimer v Paley,* 137 AD2d 680). The burden having shifted to the plaintiff, it was her obligation to lay bare her evidence so as to demonstrate a triable issue *(see, Frank Corp. v Federal Ins. Co.,* 70 NY2d 966). The record reveals that the plaintiff has not adduced any evidence sufficient to raise a triable issue of fact on any theory of liability *(see, Tambaro v City of New York,* 140 AD2d 331, 332).

Moreover, any possible negligence on the part of Jantron with regard to its masonry work on the roof was not a proximate cause of this occurrence, as a matter of law. The unforeseeable intervening act of the MHT manager in dropping the plywood through the aperture was the sole proximate cause of this accident *(see, Martinez v Lazaroff,* 48 NY2d 819; *see also, DiMarco v Verone,* 147 AD2d 671).

Accordingly, the motion of Jantron for summary judgment dismissing the complaint should have been granted. Mangano, J. P., Thompson, Spatt and Rosenblatt, JJ., concur.