■ COOPER-RUTTER ASSOCIATES, INC., Appellant, v ANCHOR NATIONAL LIFE INSURANCE COMPANY et al., Respondents. [597 NYS2d 799] —Mikoll, J. P. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Jiudice, J.), entered October 2, 1991 in Dutchess County, upon a decision of the court in favor of defendants.

This matter stems from an action brought by plaintiff in July 1987 for damages stemming from defendants' alleged breach of a contract of sale of a cable television system (hereinafter the system) to plaintiff. Plaintiff alleges, *inter alia,* that defendants Anchor National Life Insurance Company (hereinafter Anchor) and Kaufman & Broad, Inc. (hereinafter K & B), which had acquired all of Anchor's stock, breached the September 9, 1986 purchase agreement, signed on September 23, 1986, for sale of the system to plaintiff. Plaintiff had been managing the system for defendants and Anchor was a secured creditor of Dutchess County Cablevision Associates (hereinafter DCCA). Upon DCCA's default Anchor acquired its cable television system. The purchase agreement indicated, *inter alia,* that "[t]he parties agree to enter into a contract of sale [of the system] incorporating the terms of this agreement", that the contract of sale was subject to plaintiff obtaining approval of "franchising and licensing authorities" and that the "contract *shall* provide that a closing shall occur

within four (4) months from the date hereof" (emphasis supplied). An escrow agreement, dated September 23, 1986, indicated, *inter alia*, that plaintiff was to deposit $100,000 with Anchor's attorney and Anchor would be entitled to that money if plaintiff defaulted "in any material term of the Purchase Agreement and/or the Contract of Sale".

Defendants answered and counterclaimed for $100,000, asserting that plaintiff defaulted in its obligations under the September 1986 purchase agreement by failing to deposit $100,000 into the escrow account and by failing to close by January 9, 1987. After a nonjury trial Supreme Court dismissed plaintiff's complaint and awarded defendants $100,000 on their counterclaim, concluding that the January 9, 1987 closing date set forth in the September 9, 1986 agreement was a firm date and an essential term of the agreement and that plaintiff's failure to close by that date terminated the September 9, 1986 agreement.

The central issue here is whether the January 9, 1987 closing date was an essential term of the September 9, 1986 agreement. Plaintiff urges that the parties did not intend to make January 9, 1987 a time of the essence for closing, that the purchase agreement does not set out a firm closing date, and that defendants' conduct and admissions support plaintiff's contentions. Plaintiff also contends that it was defendants who breached the purchase agreement, which provided for the execution of a contract of sale which was to contain terms consistent with the purchase agreement, by insisting on the inclusion of terms inconsistent with the purchase agreement, including January 9, 1987 as a time-of-the-essence date. Plaintiff points to a variety of uncertainties which needed to be resolved before a closing could occur, namely, how plaintiff was to obtain possession and title to the system (the purchase agreement provided for three options open to plaintiff in acquiring the system) and the vagaries endemic to securing approvals from the State Cable Commission and local governments before tendering the purchase price. Plaintiff contends that the occurrence of these events was out of its hands, thus making a time-of-the-essence agreement pointless.

In a contract action at law, it is presumed that the parties agree that time is of the essence unless contrary language is used in the agreement (*see,* 22 NY Jur 2d, Contracts, §§ 247, 248; *compare, Gurino v Gabrielli,* 133 AD2d 136). When interpreting a contract, a court should attempt to give expression to the reasonable expectations of the parties (*see, Hudson-Port Ewen Assocs. v Chien Kuo,* 165 AD2d 301, 303-304, *affd* 78

NY2d 944). Though this Court's power to review the evidence is as broad as that of the trial court, we nonetheless give due regard to the decision of the Trial Judge who is in the best position to assess the evidence and credibility of the witnesses *(see, Universal Leasing Servs. v Flushing Hae Kwan Rest.,* 169 AD2d 829, 830).

There should be an affirmance of Supreme Court's judgment in this case. Paragraph 4 of the purchase agreement indicates that the parties are to enter a contract of sale "as expeditiously as possible" and paragraph 7 indicates that the sale contract *"shall* provide that a closing *shall* occur within four (4) months from the date hereof [September 9, 1986]" (emphasis supplied).

Further, the nature of the transaction leads to the conclusion that time was of the essence. The sale of the cable system involved fluctuating value and any delay in completion would involve serious financial loss to defendants. Under such circumstances, time of performance is an especially essential term of the contract *(see, Lusker v Tannen,* 90 AD2d 118, 124; *see,* 6 Williston, Contracts § 847 [Jaeger 3d ed]). Both parties herein were knowledgeable and sophisticated business entities entering a complicated commercial endeavor. It was obvious that delays in completion would cost Anchor substantial interest costs while being obligated to receiving a set sale price of $5,800,000 from plaintiff, which was less than the amount of principal owed to Anchor from DCCA.

Plaintiff's attempts to extend the closing date to eight months in subsequent correspondence with defendants supports Supreme Court's conclusion that January 9, 1987 was an essential term of the September 9, 1986 purchase agreement. Defendants' willingness to accede to plaintiff's request to extend the closing date by proposing certain modifications to be agreed to by November 20, 1986 does not indicate an abrogation of the purchase contract by defendants or bad faith, but constituted rather a legitimate counterproposal to plaintiff's request for a material amendment to the purchase agreement, namely, the date of closing. In addition, Supreme Court correctly determined that defendants did not engage in unfair dealing or negotiate in bad faith *(see, Home & City Sav. Bank v Jamel Realty Corp.,* 186 AD2d 936).

Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the judgment is affirmed, with costs.