■ RICHARD LOPIANO, Appellant, v BALDWIN TRANSPORTATION, INC., et al., Respondents. [669 NYS2d 810] —Order, Supreme Court, Bronx County (Anne Targum, J.), entered on or about January 7, 1997, which granted defendants' post-trial motion to the extent of ordering a new trial on damages unless plaintiff agreed to a reduction of the jury's awards for past pain and suffering from $750,000 to $150,000, future pain and suffering from $1.6 million to $400,000, prior lost earnings from $80,000 to $75,000 and future lost earnings from $375,000 to $175,000, unanimously modified, on the law and the facts, to reinstate the jury awards for past lost earnings and past and future pain and suffering, and otherwise affirmed, without costs.

We disagree with the trial court that the damages awarded

by the jury relating to past and future pain and suffering and past lost earnings were excessive and agree with plaintiff that such awards did not deviate materially from what is reasonable compensation under the circumstances (*see*, CPLR 5501 [c]; *Poole v Consolidated Rail Corp.*, 242 AD2d 966; *Stedman v Bouillon*, 234 AD2d 876). Concerning future lost earnings, the 29-year post-trial work life applied by the jury was contrary to the weight of the evidence, and, applying a more realistic 15-year work life expectancy, as suggested by plaintiff himself on appeal, the $175,000 figure reached by the trial court is appropriate. We find no error in the court's decision to submit to the jury the issue of comparative negligence, which resulted in a finding of 15% comparative negligence against plaintiff. Concur—Ellerin, J. P., Nardelli, Mazzarelli and Andrias, JJ.