■ TECLA THOMAS, Respondent-Appellant, v BROOKDALE HOSPITAL MEDICAL CENTER et al., Respondents, KEITH MEYER, Appellant-Respondent, et al., Defendants. [731 NYS2d 67] —In an action to recover damages for medical malpractice and wrongful death, the defendant Keith Meyer appeals, as limited by his brief, from so much of an amended judgment of the Supreme Court, Kings County (Clemente, J.), dated December 16, 1999, as, upon a jury verdict on the issue of liability finding him 100% at fault for the decedent's injuries, and a jury verdict on the issue of damages finding that the plaintiff sustained damages of $150,000 for past economic loss and $800,000 for future economic loss, and that the plaintiff's children sustained damages in the sum of $300,000 for future economic loss, is in favor of the plaintiff and against him in the principal sum of $1,250,000, and the plaintiff cross-appeals, as limited by her brief, from so much of the same amended judgment as failed to award damages for conscious pain and suffering and dismissed the complaint insofar as asserted against the defendant Brookdale Hospital Medical Center.

Ordered that the amended judgment is modified by (1) deleting the provision thereof dismissing the complaint insofar as asserted against the defendant Brookdale Hospital Medical Center and substituting therefor a provision reinstating the complaint against that defendant, (2) deleting the provision thereof awarding damages only against the defendant Keith Meyer, and substituting therefor a provision awarding dam-

ages against both the defendants Keith Meyer and Brookdale Hospital Medical Center, and (3) deleting the provision thereof awarding the plaintiff damages in the sum of $800,000 for future economic loss and granting a new trial with respect thereto; as so modified, the amended judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, unless within 30 days after service upon the plaintiff of a copy of this decision and order with notice of entry, she shall serve and file in the office of the clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to future economic loss suffered by her from the sum of $800,000 to the sum of $550,000, and to the entry of an amended judgment accordingly; in the event that the plaintiff so stipulates, then the amended judgment, as so reduced and further amended, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff's decedent died from a pulmonary embolism which he suffered during a cardiac catheterization procedure performed at the defendant Brookdale Hospital Medical Center (hereinafter Brookdale Hospital). At trial, the plaintiff's expert witness testified that the insertion of a catheter into the decedent's right femoral vein dislodged a blood clot, causing the pulmonary embolism. The jury found that the defendant Dr. Keith Meyer had departed from good and accepted standards of medical practice by failing to test the decedent's legs for blood clots prior to the procedure. The jury attributed 100% of the fault for the decedent's death to Dr. Meyer, and found that two other physicians employed by Brookdale Hospital had not been negligent. The verdict sheet did not ask the jury to separately apportion a degree of fault to Brookdale Hospital because the trial court and the attorneys for the parties agreed that it would be vicariously liable pursuant to the doctrine of respondeat superior in the event that any of the individual physicians were found to have committed acts of malpractice which caused the decedent's death. However, after a judgment was entered against both Dr. Meyer and Brookdale Hospital, the hospital moved to vacate the judgment against it upon the ground that Dr. Meyer had treated the decedent in his capacity as a private attending physician. The court granted the motion and the judgment was amended to dismiss the complaint insofar as asserted against Brookdale Hospital.

Dr. Meyer contends that he is entitled to judgment as a matter of law because his alleged departure from accepted standards of medical practice was not a proximate cause of the decedent's death. However, contrary to Dr. Meyer's contention,

the plaintiff presented sufficient expert medical evidence at trial from which the jury could have rationally concluded that the decedent's death was proximately caused by his negligence (*see, Cohen v Hallmark Cards,* 45 NY2d 493, 499; *see also, Andree v Winthrop Univ. Hosp.,* 277 AD2d 265). Furthermore, the conflicts between the testimony of the plaintiff's expert witness and the defendants' expert witnesses presented a credibility issue for the jury to resolve (*see, Magnavita v County of Nassau,* 282 AD2d 658; *Gray v McParland,* 255 AD2d 359). According the jurors their proper deference as the finders of fact and assessors of the credibility of witnesses, we find that the liability verdict was supported by a fair interpretation of the evidence (*see, Romero v Karavidas,* 282 AD2d 665; *Nicastro v Park,* 113 AD2d 129).

Dr. Meyer also challenges the amount of damages awarded to the plaintiff for past and future economic loss. In determining the share of damages which the plaintiff Tecla Thomas should receive for the loss of her husband, who was 38 years old at the time of his death, the jury determined that the decedent had a life expectancy of 30 years. The jury awarded the plaintiff $800,000 for her projected economic loss during this 30-year period. We agree with Dr. Meyer's contention that the jury's finding that the decedent's life expectancy was 30 years is against the weight of the evidence in view of the medical proof of the decedent's serious health problems (*see, O'Rourk v Berner,* 249 AD2d 975; *Lopiano v Baldwin Transp.,* 248 AD2d 161). Applying a more realistic 20-year life expectancy (*see, Lopiano v Baldwin Transp., supra*), we find that the $800,000 share of future economic loss damages apportioned to the plaintiff was excessive to the extent indicated. We further note that the testimony of the plaintiff and the plaintiff's economist provided an adequate basis to support the jury's award of past and future economic loss in excess of the income reported by the decedent on his income tax returns.

Turning to the issues raised by the plaintiff on her cross appeal, we decline to disturb the jury's determination that she was not entitled to damages for the decedent's alleged conscious pain and suffering. Although there was testimony that the decedent became agitated and disoriented before his heart stopped, the jury could have reasonably determined that the decedent, who was sedated, did not consciously experience pain or anticipate death.

However, we agree with the plaintiff's contention that the Supreme Court should not have granted the motion to dismiss the action against Brookdale Hospital. At trial, the three de-

fendant physicians and the hospital were represented by a single attorney, and as the trial proceeded, there was an understanding between the attorneys and the court that the hospital would be vicariously liable in the event that any of the individual physicians were found to have committed acts of malpractice which caused the decedent's death. Since the parties charted this course, the trial court should have rejected the hospital's belated claim that Dr. Meyer was acting in his capacity as a private attending physician on the date when he committed the act of malpractice for which he was held liable (*see, Cook v City of New York,* 82 AD2d 72, 77).

The parties' remaining contentions are without merit. Krausman, J. P., Florio, Feuerstein and Cozier, JJ., concur.