■ SARAH E. AUER, Individually and as Guardian of MELODY D. AUER, et al., Respondents-Appellants, v STATE OF NEW YORK, Appellant-Respondent. (Claim No. 86167.) [733 NYS2d 784] — Peters, J. (1) Appeal from a judgment of the Court of Claims (King, J.), entered January 11, 2000, upon a decision of the court in favor of claimants, and (2) cross appeals from a judgment of said court (Read, P. J.), entered August 30, 2000, fixing the award of damages pursuant to an order of said court.

In 1998, the Court of Claims (King, J.) found the State 80% liable for the catastrophic physical injuries sustained by Melody D. Auer, then 18 years of age, resulting from a 1990 automobile accident in which she was a passenger. A separate trial resulted in a determination that Melody's damages totaled $18,952,486, with an award of approximately $150,000 to claimants, Melody's parents, on their derivative claims. The State appeals from the January 11, 2000 judgment entered upon that decision.

The amounts awarded to Melody, through her guardian, were held in abeyance pending a hearing pursuant to CPLR article 50-B. In June 2000, the Court of Claims (Read, P. J.) determined, *inter alia*, that portions of the damage award must be modified and that an interest rate less than the presumptively reasonable 9% rate set forth in State Finance Law § 16 should be applied. Claimants appealed and this Court modified that order by applying the statutory interest rate (283 AD2d 122). On August 30, 2000, the court (Read, P. J.) entered a final judgment which structured Melody's award over a 38-year period pursuant to CPLR article 50-B. The State appeals and claimants cross-appeal from the final judgment.

The factual underpinnings of the damage awards are not in dispute. Instead, the State limits its appeal to three issues which we find adequately preserved—the method of accounting for inflation for future economic loss, the computation of Melody's lost wages,* and the propriety of the award to claimants for the value of the nursing services they provided.

As the method of accounting for inflation for future economic loss will impact upon other issues determined herein, we first address the State's contention that the "Pay-Kirisits approach" (*see, Pay v State of New York*, 213 AD2d 991, 992-993, *revd in part on other grounds* 87 NY2d 1011) should be implemented whereby a negative adjustment is made to the gross rate of inflation when computing the verdict to account for the subsequent, automatic additional 4% annual, compounded interest which will be added to all future payments made pursuant to CPLR 5041 (e). According to the State, if a full inflation allowance is included in the verdict and, in addition, the 4% annual increases are made to future payments pursuant to CPLR article 50-B, claimants will be overcompensated because inflation will have been factored in twice—a result wholly contrary to the legislative intent to reduce the cost of tort reparations

---

* Although the State originally contended that the Court of Claims erroneously computed the cost of live-in health aides for Melody, the issue was later withdrawn.

while providing adequate and fair compensation to claimants (*see generally*, L 1985, ch 294).

Upon our review, we agree with the Court of Claims that the State's position was foreclosed by the Court of Appeals in *Schultz v Harrison Radiator Div. Gen. Motors Corp.* (90 NY2d 311). As reiterated by the Court of Appeals in *Bryant v New York City Health & Hosps. Corp.* (93 NY2d 592), the "inclusion of an inflation adjustment in future damage awards 'does not provide additional compensation for a plaintiff above and beyond the damages already awarded; rather, it ensures that the passage of time will not devalue the award' " (*id.*, at 603, quoting *Schultz v Harrison Radiator Div. Gen. Motors Corp.*, *supra*, at 319). Having reaffirmed its holding in *Schultz* that "the trial court properly permitted expert testimony as to inflation despite inclusion of the 4% additur in calculating the structured payments" (*Bryant v New York City Health & Hosps. Corp.*, *supra*, at 603; *see*, *Brown v State of New York*, 184 AD2d 126, 128-129, *lv denied* 81 NY2d 711), we do not agree that the State's proposed methodology is supported by a fair reading of *Pay v State of New York* (213 AD2d 991, *supra*).

Nor do we find that the Court of Claims' determination of Melody's lost wages is without foundation (*see*, *Thoreson v Penthouse Intl.*, 80 NY2d 490, 495). The Court of Claims based its award upon the conclusion, not here disputed, that Melody would have earned an average of $5,000 a year from 1990 to 1999 "increased by the average of a steady 4 per cent inflation rate." Upon our recalculation within these parameters, we can find no error.

The State also asserts that claimants should not have been compensated for the value of medical services which they provided gratuitously to their daughter. While we agree that both *Coyne v Campbell* (11 NY2d 372) and *Schultz v Harrison Radiator Div. Gen. Motors Corp.* (90 NY2d 311, *supra*) support their contention that compensation will not be awarded for gratuitous services rendered by relatives, friends and neighbors, we have found that with respect to care provided by a parent to a child, a parent may be compensated for such services "from the party [who] negligently caus[ed] the injury" (*Gorman v New York, Chicago & St. Louis R. R. Co.*, 128 App Div 414, 415; *see*, *Barnes v Keene*, 132 NY 13; *Merrill v Albany Med. Ctr. Hosp.*, 126 AD2d 66, *lv denied* 70 NY2d 669, *appeal dismissed* 71 NY2d 990; *King v State of New York*, 56 AD2d 964; *see also*, PJI 2:318.1). We continue to follow our precedent.

Claimants, by their cross appeal, assert that the award of $750,000 for Melody's future pain and suffering was inade-

quate since it deviates materially from what would be considered reasonable compensation (*see,* CPLR 5501 [c]). With the conclusion of the fact finder entitled to "considerable deference" (*see, Levine v East Ramapo Cent. School Dist.,* 192 AD2d 1025, 1025-1027), we must examine comparable cases to determine any error since such an award is "not subject to precise quantification" (*Osiecki v Olympic Regional Dev. Auth.,* 256 AD2d 998, 1000, citing *Karney v Arnot-Ogden Mem. Hosp.,* 251 AD2d 780, *lv dismissed* 92 NY2d 942).

The Court of Claims noted that there exists "no dispute about the nature and extent of Melody's injuries," classifying it as "one of the most difficult factual scenarios in which to calculate an appropriate award [since] [s]he is almost totally physically incapacitated; she is young and, despite her injuries, in reasonably good health * * * both aware of her condition and its limitations." She suffers from a traumatic brain injury which causes her to experience, *inter alia,* quadriplegia and significant cognitive defects, spasticity and contractures in all four limbs, heterotopic ossification in both hips, the last two of which cause ongoing pain and restriction of motion, requiring 24-hour supervision and care for the rest of her life. For these reasons, we agree that the award of $750,000 for future pain and suffering is inadequate (*see, e.g., La Fountaine v Franzese,* 282 AD2d 935 [award of $1 million to infant due to permanent cognitive disorders resulting in, *inter alia,* attention deficit hyperactivity disorder, oppositional defiant disorder and a reading disorder]; *Karney v Arnot-Ogden Mem. Hosp.,* 251 AD2d 780, *supra* [award reduced to $1.4 million where infant was totally dependent upon others due to cerebral palsy and spastic diplegia]; *Walsh v State of New York,* 232 AD2d 939 [award of $750,000 to 28-year-old claimant for ongoing pain, permanent nerve damage and significant loss of function in back and lower extremities with limb disfigurement]; *Kirschhoffer v Van Dyke,* 173 AD2d 7 [adult plaintiff's award for future pain and suffering reduced to $1.5 million where the plaintiff was able to walk, sit, do light housework and work part time despite episodes of pain]). Exercising our authority in this nonjury case to increase this award to more realistically represent reasonable compensation (*see,* CPLR 5501 [c]), we hereby modify the future pain and suffering component thereof by increasing the award to $1.5 million (*see, Mesick v State of New York,* 118 AD2d 214, 220, *lv denied* 68 NY2d 611).

Cardona, P. J., Mercure, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment entered January 11, 2000 is affirmed, without costs. Ordered that the judgment entered

August 30, 2000 is modified, on the law, without costs, by increasing the award to Melody D. Auer for future pain and suffering to $1.5 million; and, as so modified, affirmed.