FOURTH DEPARTMENT, JULY, 2002

(July 3, 2002)

■ GATEWAY DEVELOPMENT AND MANUFACTURING, INC., Respondent-Appellant, v COMMERCIAL CARRIERS, INC., et al., Appellants-Respondents, and ALLIED HOLDINGS, INC., Respondent. [744 NYS2d 778] —Appeal and cross appeal from parts of an order of Supreme Court, Erie County (NeMoyer, J.), entered January 31, 2001, that, inter alia, granted the motion of defendant Allied Holdings, Inc. for summary judgment and granted in part plaintiff's cross motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is modified on the law by denying the motion of defendant Allied Holdings, Inc. and reinstating the ninth cause of action in the second amended complaint and by denying plaintiff's cross motion in its entirety and as modified the order is affirmed without costs.

Memorandum: This appeal concerns two commercial transactions in which defendant Ryder System, Inc. (Ryder System) sought to sell its trucking business to defendant Allied Holdings, Inc. (Allied), and Ryder System's wholly owned subsidiary, Commercial Carriers, Inc. (CCI), sought to sell its trailer manufacturing business, CCI Manufacturing (CCIM), to plaintiff. The agreement between Ryder System and Allied (Allied contract), the first in time and by far the larger of the two contracts at issue, involved Allied's decision to acquire Ryder System for $114.5 million. All parties agree that Allied did not wish to purchase CCIM, but that it did wish to purchase

CCIM's principal, CCI. The closing under the Allied contract was to occur no later than December 31, 1997, and section 3.10 (a) of the Allied contract provided in part that, "[n]otwithstanding anything to the contrary in this Agreement, [Ryder System] *shall not convey * * * any Intellectual Property that constitutes a Retained Matter to the Allied Parties*" (emphasis added). Section 1.3 defined "Retained Matters" and then stated in relevant part that, *"[w]ithout limiting the generality of the foregoing, [Ryder System] shall refrain, in a manner mutually acceptable to [Ryder System] and Allied, from conveying the trailer manufacturing operations of CCI to the Allied Parties"* (emphasis added). In other words, the entities acquired by Allied would include CCI, the signatory to the CCIM asset purchase agreement (Gateway contract) with plaintiff, but by then CCIM would no longer be a part of CCI.

The record establishes that Ryder System actively marketed CCIM to outside buyers, and gave Allied written notice of the terms of sale, including "[a]ll intellectual property, designs, patents and trademarks (subject to a license agreement with [Ryder System])."

Ryder System found a buyer in plaintiff, which signed the Gateway contract on August 29, 1997, requiring plaintiff to make a deposit of $100,000, with the balance of the $6.15 million purchase price due at closing. The deal was scheduled to close "in no event later than" 2:00 P.M. on September 22, 1997, a provision making time of the essence (*see Cooper-Rutter Assoc. v Anchor Natl. Life Ins. Co.*, 193 AD2d 944, 945-946). The Gateway contract expressly provided that the trailer manufacturing intellectual property owned by CCIM (CCIM intellectual property) was being sold to plaintiff, and the contract described in clear, complete and all-encompassing terms what would constitute that property. However, because plaintiff did not wish to assume the product liability claims of CCI (past trailer claims), the Gateway contract provided that the past trailer claims would be the responsibility of CCI for 10 years. Plaintiff therefore granted CCI reasonable access to the intellectual property at issue in order to enable CCI and its successors and assigns to defend against any past trailer claims.

Then, on September 18, 1997, a conference call took place among representatives of plaintiff, Ryder System and Allied. The actual content of the conference call is disputed. However, all agree that an attorney for Allied made a statement to the effect that Allied would own all of the CCIM intellectual property. Despite protestations by Ryder System that the Al-

lied attorney was utterly wrong, plaintiff took the position that CCI failed to tender marketable title to the intellectual property as of the closing date, September 22, 1997. The issue raised by Allied with respect to its contract could not be resolved prior to the Gateway contract closing date because plaintiff, it is alleged, refused all attempts to communicate with Ryder System or its counsel on this issue.

Plaintiff thereafter commenced the instant action against Ryder System, CCI, defendant Ryder Truck Rental, Inc. (Ryder Truck), a Ryder System subsidiary, and Allied. Prior to any discovery being conducted, Allied moved for summary judgment dismissing the ninth cause of action in the second amended complaint alleging tortious interference with contract. Plaintiff then cross-moved for partial summary judgment on liability against CCI on the first cause of action for breach of contract and the third cause of action for breach of the duty of good faith and fair dealing, and in addition sought summary judgment on the second cause of action against CCI for return of its $100,000 deposit under the Gateway contract. Plaintiff also sought partial summary judgment on liability against Ryder Truck on the eighth cause of action based upon a guaranty, and against Ryder System, CCI, and Ryder Truck on the fourth and sixth causes of action for fraud or, in the alternative, on the fifth and seventh causes of action for negligent misrepresentation. Plaintiff contended alternatively that, if it was not entitled to partial summary judgment on the first and third through eighth causes of action and summary judgment on the second cause of action, then Allied was liable for tortious interference with respect to the Gateway contract and Allied's motion should be denied. Supreme Court granted that part of plaintiff's cross motion for summary judgment on the second cause of action against CCI for return of the $100,000 deposit. The court determined that, as a matter of law, plaintiff had "reasonable doubt" with respect to CCI's ability to convey title to the CCIM intellectual property on the closing date, and was therefore justified in refusing to close on the Gateway contract on that date. Because it determined that plaintiff was entitled to summary judgment on the second cause of action, the court further granted Allied's motion for summary judgment dismissing the ninth cause of action alleging tortious interference with the Gateway contract.

Ryder System, CCI and Ryder Truck appeal from those parts of the order granting Allied's motion and plaintiff's cross motion in part, and plaintiff cross-appeals from those parts of the order granting Allied's motion and denying that part of

plaintiff's cross motion for partial summary judgment on liability on the first and third through eighth causes of action.

Both plaintiff and Allied contend that a simple reading of portions of the two contracts is dispositive of the issue whether the Allied contract contained certain provisions that could "to a person of reasonable prudence" be interpreted as conveying the subject intellectual property to Allied (*Regan v Lanze,* 40 NY2d 475, 481), thus establishing as a matter of law that CCI did not have marketable title to convey to plaintiff on the closing date. Ryder System disputes that contention and, in addition, asserts that its many attempts to contact plaintiff prior to the closing date were ignored until after the time in which to close had passed, at which time plaintiff alleged a breach for failure to close. We modify the order because no discovery has been conducted and there are issues of fact whether CCI was able to tender marketable title to the CCIM intellectual property.

As noted by the Second Department, "[s]omething more than a mere assertion of a right is essential to create an unmarketable or doubtful title" (*Nasha Holding Corp. v Ridge Bldg. Corp.*, 221 App Div 238, 243), and plaintiff failed to establish as a matter of law that it had reasonable grounds not to close by the date set forth in the Gateway contract based on the bare claim of Allied's attorney during the conference call that Allied would own CCIM's intellectual property. The test of the marketability of title is "whether there is an objection thereto such as would interfere with a sale or with the market value of the property" (*Regan,* 40 NY2d at 481). A marketable title is "a title free from reasonable doubt, but not from every doubt" (*id.* at 482). New York courts have determined that a "purchaser ought not to be compelled to take property, the possession or title of which [the purchaser] may be obliged to defend by litigation" (*Dyker Meadow Land & Improvement Co. v Cook*, 159 NY 6, 15). However, "where a [purchaser] seeks to rescind a contract on account of a defect of title, the question of the materiality of the defect is one of fact when it depends upon and is an inference to be drawn from circumstances" (*id.*). In *Regan,* the Court of Appeals held that the vendors had tendered marketable title to certain real property even though a trial had been necessary to determine marketability (*see Regan,* 40 NY2d at 481, 485).

The contention of plaintiff and Allied that we can simply read the two contracts at issue and determine whether plaintiff was justified in refusing to close is without merit. If the statement of Allied's attorney during the conference call that Allied

would own the CCIM intellectual property is read into the Allied contract, the court must also consider the remaining relevant extrinsic evidence on the issue of title to the CCIM intellectual property, including evidence of the parties' intentions, with the facts construed most strongly against plaintiff, the moving party (*see Trustco Bank, Natl. Assn. v Cannon Bldg. of Troy Assoc.*, 246 AD2d 797, 798). Summary judgment should not be granted if "there is any doubt as to the existence of factual issues * * * or where the issue is arguable" (*Onondaga Soil Testing v Barton, Brown, Clyde & Loguidice*, 69 AD2d 984, 985).

Even assuming that plaintiff was justified in relying on an alleged ambiguity in a third party's contract in order to create a reasonable doubt concerning CCI's title to the assets, we conclude that Ryder System raised an issue of fact whether the Allied contract clearly excluded the sale of any portion of the CCIM intellectual property to Allied (*see Coram Professional Bldg. Assoc. v Route 347 Realty Corp.*, 171 AD2d 722, 722-723). Ryder System submitted affidavits of one of its principals and its attorneys involved in negotiation of the two contracts that bear on the intent of the parties and on the issue whether plaintiff breached its duty of good faith by refusing to close after the conference call (*see Newin Corp. v Hartford Acc. & Indem. Co.*, 62 NY2d 916, 919; *Nash v Junction Partners*, 269 AD2d 228).

In addition, for the same reasons, we conclude that Allied failed to establish its entitlement to judgment as a matter of law on the ninth cause of action against it for tortious interference with respect to the Gateway contract. Allied's papers submitted in reply to plaintiff's opposition to Allied's motion raise an issue of fact whether Allied intentionally procured the breach of plaintiff's contract (*see generally Wegman v Dairylea Coop.*, 50 AD2d 108, 114, *lv dismissed* 38 NY2d 918).

We therefore modify the order by denying the motion of Allied and reinstating the ninth cause of action in the second amended complaint and by denying plaintiff's cross motion in its entirety.

All concur except Hurlbutt and Gorski, JJ., who dissent in accordance with the following memorandum.

Hurlbutt and Gorski, JJ. (dissenting). We respectfully dissent. In our view, Supreme Court properly granted that part of plaintiff's cross motion seeking summary judgment on the second cause of action and properly granted the motion of defendant Allied Holdings, Inc. (Allied) for summary judgment dismissing the ninth cause of action against it. We conclude,

however, that the court also should have granted those parts of plaintiff's cross motion seeking partial summary judgment on liability on the first and eighth causes of action.

At issue is whether plaintiff had reasonable grounds to refuse to close on its contract with defendant Commercial Carriers, Inc. (CCI), a wholly owned subsidiary of defendant Ryder System, Inc. (Ryder System), to purchase CCI Manufacturing (CCIM), CCI's trailer manufacturing business. In our view, plaintiff established as a matter of law that it had reasonable grounds to refuse to close on its contract (Gateway contract) on the scheduled date. We agree with the majority that the Gateway contract appeared to convey the subject intellectual property to plaintiff. However, the Allied contract, pursuant to which Allied was purportedly to purchase virtually all of the assets of specified Ryder System subsidiaries but not those of CCIM, contained certain provisions that could "to a person of reasonable prudence" be interpreted as also conveying the subject intellectual property to Allied (*Regan v Lanze,* 40 NY2d 475, 481). Section 3.10 of the Allied contract provided that Allied would own, directly or indirectly, all " 'Intellectual Property' * * * owned by an Acquired Ryder Entity [including CCI] or otherwise used within the twelve (12) months prior to the Effective Date exclusively in the Conveyed Ryder Business." Because CCIM was, until the sale of CCIM to plaintiff was to take place, part of CCI, the Allied contract conveyed to Allied any intellectual property used by CCI within the last 12 months, regardless of whether that intellectual property dealt exclusively with CCIM.

No other provision of the Allied contract specifically addresses whether Allied was acquiring ownership of CCIM intellectual property as part of the Allied contract. Section 1.3 of that contract provides that Ryder System will not sell "the trailer manufacturing operations of CCI" to Allied because Ryder System is "retain[ing]" those operations. That section does not mention the intellectual property of the trailer manufacturing operations.

In our view, because time was made of the essence by the terms of the contract and the cloud on title was not resolved by Ryder System within the time frame specified in the Gateway contract, plaintiff properly refused to close and is entitled to partial summary judgment on liability on the first cause of action, alleging breach of contract, and to summary judgment on the second cause of action, alleging breach of contract and seeking the return of plaintiff's deposit (*see Cooper-Rutter Assoc. v Anchor Natl. Life Ins. Co.,* 193 AD2d 944, 945-946).

We further conclude that plaintiff is entitled to partial summary judgment on liability on the eighth cause of action, alleging that defendant Ryder Truck Rental, Inc., a Ryder System subsidiary, breached its guarantee of the obligations of CCI to plaintiff in the event of the failure to deliver marketable title to plaintiff. Also, for the same reasons, we conclude that the court properly granted the motion of Allied seeking summary judgment dismissing the ninth cause of action against it, alleging tortious interference with the Gateway contract. Present—Pigott, Jr., P.J., Hurlbutt, Kehoe, Burns and Gorski, JJ.