■ Wayne C. Schifelbine, Respondent, v Foster Wheeler Corporation et al., Appellants and Third-Party Plaintiffs-

Respondents. K.C. SWANN & SON ROOFING COMPANY, INC., Third-Party Defendant-Appellant. [772 NYS2d 140]—

Appeals from a judgment of the Supreme Court, Allegany County (James E. Euken, A.J.), entered November 25, 2002. The judgment awarded plaintiff money damages upon a jury verdict in the amount of $23,218,586.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by granting the posttrial motions in part and setting aside that part of the award of damages for future medical expenses representing future hospitalizations and as modified the judgment is affirmed without costs, and a new trial is granted on future hospitalizations only unless plaintiff, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to reduce the verdict for future hospitalizations to $750,000, in which event the judgment is modified accordingly and as modified the judgment is affirmed without costs, and the matter is remitted to Supreme Court, Allegany County, for further proceedings pursuant to CPLR article 50-B.

Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained when he fell through a fiberglass panel on the roof of a plant owned by defendants to the concrete floor below. At the time of the accident plaintiff was employed as a laborer by third-party defendant, which had been hired by defendants to repair the roof and gutters of the plant. Supreme Court granted plaintiff's motion for partial summary judgment on Labor Law § 240 (1) liability, denied defendants' cross motion for summary judgment on the causes of action seeking contractual and common-law indemnification against third-party defendant in the third-party action and denied the cross motion of third-party defendant seeking summary judgment dismissing the contractual and common-law indemnification causes of action. We affirmed that order on a prior appeal (*Schifelbine v Foster Wheeler Corp.*, 288 AD2d 903 [2001]). Thereafter, separate trials were conducted before differ-

ent juries on the issues of the respective liability of defendants and third-party defendant, and the damages sustained by plaintiff.

We reject third-party defendant's contention that the jury verdict finding that defendants were not negligent is contrary to the weight of the evidence. A fair interpretation of the evidence supports that finding (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]). "The jury, which saw and heard the witnesses, was in the best position to evaluate the circumstances and the nature of [the parties'] conduct, and there is no basis for usurping the jury's function" (*Barresi v Kapr*, 226 AD2d 1074, 1074 [1996], *appeal dismissed* 88 NY2d 1005 [1996]).

The jury awarded plaintiff $23,368,209 in damages based in part upon its findings that plaintiff had a life expectancy of 38.1 years and a working life expectancy of 22 years. Defendants and third-party defendant moved to set aside the verdict on the grounds, inter alia, that the damage award is excessive and that the court improperly precluded them from introducing evidence of plaintiff's diminished life expectancy. The court denied the motions and, following a hearing, structured a judgment pursuant to CPLR article 50-B.

The court erred in denying the posttrial motions insofar as they sought to set aside that part of the jury's award of damages for future medical expenses representing the cost of future hospitalizations. We conclude that the jury's award of $2 million is based in part on speculation, and that the record supports an award no greater than $750,000 for the cost of future hospitalizations (*see Hersh v Przydatek* [appeal No. 2], 286 AD2d 984 [2001]). We agree with the court, however, that the remainder of the award of damages does not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]). The evidence at the trial on damages establishes that plaintiff sustained severe and permanent injuries as the result of his fall. Plaintiff fractured his skull in three places, fractured both arms and dislocated his left elbow and index finger. The injuries to his right leg were so extensive that the leg was amputated above the knee. In the five months following the accident, plaintiff underwent 16 separate surgeries. Further, plaintiff sustained a spinal cord injury that has rendered him a permanent quadriplegic and in need of 24-hour care. Defendants and third-party defendant were not prevented from exploring the issue of plaintiff's life expectancy (*cf. Davis v City of New York*, 273 AD2d 342, 343 [2000]), and the jury's finding with respect to plaintiff's life expectancy is not against the weight of the evidence (*cf. Thomas v Brookdale Hosp. Med. Ctr.*, 287 AD2d 448,

450 [2001]). We further conclude that the court properly structured the damage award in accordance with CPLR article 50-B (*see generally Desiderio v Ochs*, 100 NY2d 159 [2003]). Finally, the contention of defendants that they were denied a fair trial on damages based upon the number of witnesses and the cumulative nature of their testimony has not been preserved for our review.

We therefore modify the judgment by granting the posttrial motions in part and setting aside that part of the award of damages for future medical expenses representing future hospitalizations, and we grant a new trial on future hospitalizations only unless plaintiff, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to reduce the verdict for future hospitalizations to $750,000, in which event the judgment is modified accordingly and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Allegany County, for further proceedings pursuant to CPLR article 50-B. Present—Green, J.P., Scudder, Gorski, Lawton and Hayes, JJ. [*See* 2002 NY Slip Op 22804.]