JAMES S. DENIO, as Guardian of the Person and Property of SARAH J. DENIO, Appellant-Respondent, v STATE OF NEW YORK, Respondent-Appellant. (Claim No. 88215.) [782 NYS2d 224]—

Appeal and cross appeal from a judgment of the Court of Claims (Edgar C. NeMoyer, J.), entered January 17, 2003. The judgment awarded claimant, after a nonjury trial, damages in the amount of $4,248,879.33.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by increasing the award of damages for future home care needs, to $1,479,563, including $1,339,228 for aide services and $140,335 for case management services; for therapeutic modalities, to $1,229,940, including $226,044 for physical therapy, $751,608 for independent living counseling, and $252,288 for community integration counseling; for four particular subcomponents of future routine medical care, to $38,646, including $6,526 for orthopedist visits, $10,950 for blood level monitoring, $16,790 for MRI testing, and $4,380 for EEG testing; for medical equipment, to $17,998; for the consumable supplies subcomponent of supplies/medications to $19,973; and for transportation, to $117,314 and as modified the judgment is affirmed with costs to claimant, and the matter is remitted to the Court of Claims for further proceedings in accordance with the following memorandum: Claimant, James S. Denio, commenced this action against the State of New York (State), alleging its liability, on a theory of negligent maintenance of a state highway, for injuries sustained by claimant's daughter, Sarah J. Denio, as a result of a collision between a vehicle driven by Sarah and another driven by Eric B. Poler. Following a trial on liability, the Court of Claims apportioned liability 40% to the State and 60% to Poler. Following a subsequent trial on damages and proceedings pursuant to CPLR article 50-B, the court awarded claimant $520,000 for past pain and suffering (representing the State's 40% share of $1.3 million); $880,000 for future pain and suffer-

ing (representing the State's 40% share of $2.2 million); $576,810.33 for past medical expenses; $115,210 for past lost earnings; $439,449 for future lost earnings; $717,410 for future medical and other needs (including $422,459 for therapeutic modalities, $74,027 for routine medical care, $15,000 for medical equipment, $4,500 for equipment maintenance and repair, $96,150 for supplies/medications, $19,680 for home furnishings and recreation, $35,594 for architectural renovations, and $50,000 for transportation); and $1 million for future home care needs (including $956,592 for aide services and $43,408 for case management services).

With respect to claimant's contentions on appeal, we conclude that the court's findings with respect to fault and causation and apportionment of liability 40% to the State are not against the weight of the evidence (*see Farace v State of New York,* 266 AD2d 870 [1999]). We further conclude that the awards for past and future pain and suffering and lost earnings do not deviate materially from what would be considered reasonable compensation and are supported by the evidence (*see* CPLR 5501 [c]; *Auer v State of New York,* 289 AD2d 626, 628-629 [2001]; *Karney v Arnot-Ogden Mem. Hosp.,* 251 AD2d 780, 783 [1998], *lv dismissed* 92 NY2d 942 [1998]; *Pay v State of New York,* 213 AD2d 991, 992 [1995], *revd in part on other grounds* 87 NY2d 1011 [1996]; *see also Reed v City of New York,* 304 AD2d 1, 6-7 [2003], *lv denied* 100 NY2d 503 [2003]; *Martelly v New York City Health & Hosps. Corp.,* 276 AD2d 373, 374 [2000]).

We conclude, however, that, with regard to some components and subcomponents of future home care and other future needs, the court's awards are against the weight of the evidence and deviate materially from what would be considered reasonable compensation. We therefore modify the judgment by increasing the awards for future home care and other future needs to the following extent: for future home care needs, to $1,479,563, including $1,339,228 for aide services and $140,335 for case management services; for therapeutic modalities, to $1,229,940, including $226,044 for physical therapy, $751,608 for independent living counseling, and $252,288 for community integration counseling; for four particular subcomponents of future routine medical care, to $38,646, including $6,526 for orthopedist visits, $10,950 for blood level monitoring, $16,790 for MRI testing, and $4,380 for EEG testing; for medical equipment, to $17,998; for one particular subcomponent of supplies/medications, namely, for consumable supplies, to $19,973; and for transportation, to $117,314. We have considered claimant's remaining challenges to the award of damages and conclude that they are without

merit. In light of our modification of the judgment with respect to various elements of future damages, we remit the matter to the Court of Claims for further proceedings pursuant to CPLR article 50-B (see Schifelbine v Foster Wheeler Corp., 4 AD3d 736, 739 [2004]; Beeley v Spencer [appeal No. 5], 309 AD2d 1303, 1306 [2003]).

Concerning the cross appeal, we have considered the State's challenge to the court's assessment of interest against the State at the rate of nine percent, and we conclude that it has no merit (see Rodriguez v New York City Hous. Auth., 91 NY2d 76, 80-81 [1997]; Auer v State of New York, 283 AD2d 122, 126 [2001]; see generally State Finance Law § 16). Present—Green, J.P., Kehoe, Martoche and Hayes, JJ.