■ ARGENT MORTGAGE COMPANY, LLC, Respondent, v ALFONSO LEVEAU et al., Defendants. M2N CORP., Nonparty Appellant. [848 NYS2d 691]—

In an action to foreclose a mortgage, nonparty M2N Corp., the successful bidder at a judicial sale of the subject premises, appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered August 14, 2006, which granted those branches of the plaintiff's motion which were to declare it in default, to direct the referee to resell the subject premises unless it closed by September 14, 2006, and to permit the plaintiff to retain as liquidated damages the down payment it made in the event it failed to close by September 14, 2006.

Ordered that the order is affirmed, with costs.

The appellant was the successful bidder at a judicial sale of the subject property conducted pursuant to a judgment of foreclosure. Two of the defendants in the foreclosure action, Alfonso Leveau and Robert Lagos, allegedly were not served with the summons and complaint by personal delivery (*see* CPLR 308 [1]). The appellant refused to close, contending that the possibility that Leveau or Lagos, in the future, might seek to vacate

the judgment of foreclosure pursuant to CPLR 317 necessarily rendered title to the subject premises unmarketable. The Supreme Court disagreed, as do we. "A marketable title is 'a title free from reasonable doubt, but not from every doubt' " (*Gateway Dev. & Mfg. v Commercial Carriers*, 296 AD2d 821, 824 [2002], quoting *Regan v Lanze*, 40 NY2d 475, 482 [1976]; *see Voorheesville Rod & Gun Club v Tompkins Co.*, 82 NY2d 564, 571 [1993]). "Something more than a mere assertion of a right is essential to create an unmarketable or doubtful title" (*Nasha Holding Corp. v Ridge Bldg. Corp.*, 221 App Div 238, 243 [1927]; *see Gateway Dev. & Mfg. v Commercial Carriers*, 296 AD2d at 824).

In any event, pursuant to the referee's terms of sale, the appellant agreed to take the premises subject to the "[r]ights of any defendants, pursuant to [CPLR 317]." Under the facts presented, the appellant improperly refused to close on the ground asserted (*cf. Stathakis v Poon*, 295 AD2d 496 [2002]).

The appellant's remaining contentions are without merit. Crane, J.P., Fisher, Carni and McCarthy, JJ., concur.