■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH CUSUMANO, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Bourgeois, J.), rendered April 11, 1983, convicting him of criminal possession of stolen property in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant's present challenge to the sufficiency of an officer's affidavit made in support of an application for a search warrant of defendant's business premises was not preserved for appellate

review since he did not raise such a claim in his pretrial motion papers seeking to suppress evidence seized as a result of the warrantless inspection of the premises, as well as the subsequent search thereof pursuant to a warrant (CPL 470.05 [2]; *People v Jones*, 81 AD2d 22). Moreover, since defendant did not controvert any of the facts alleged in the warrant application, Criminal Term did not err in denying defendant's request for a suppression hearing (*People v Glen*, 30 NY2d 252, *cert denied sub nom. Baker v New York*, 409 US 849).

In any event, defendant's present challenge to the sufficiency of the warrant application is without merit for several reasons. First, it is significant that defendant's conviction of criminal possession of stolen property in the second degree related to his possession of the stolen front component of a 1975 Lincoln Continental. That particular auto part had been discovered during the warrantless inspection of the premises, not during the subsequent search pursuant to the warrant. Accordingly the present attack on the warrant application is academic. Second, a review of the officer's affidavit clearly indicates that it alleged sufficient facts to support a finding of probable cause to believe that there was stolen property on defendant's business premises. The officer stated that as a result of his routine warrantless inspection of the premises, he discovered several auto parts which contained serial numbers from cars reported stolen. Thus, the officer's firsthand observations coupled with the reports of stolen vehicles supported a finding of probable cause to justify a search of the premises.

Parenthetically, we find that the officer's warrantless routine inspection of defendant's business premises was proper and did not violate defendant's 4th Amendment right to be free from unreasonable searches and seizures. It is axiomatic that constitutional prohibitions against unreasonable searches and seizures apply to administrative inspections of private commercial property (*Marshall v Barlows, Inc.*, 436 US 307; *Sokolov v Village of Freeport*, 52 NY2d 341). However, one engaged in an industry subject to a long-standing complex and pervasive pattern of close supervision and inspection possesses a substantially diminished expectation of privacy and "this privacy interest may, in certain circumstances, be adequately protected by regulatory schemes authorizing warrantless inspections" (*Donovan v Dewey*, 452 US 594, 599; *see also, United States v Biswell*, 406 US 311; *Colonnade Corp. v United States*, 397 US 72). Vehicle and Traffic Law § 415-a (5) (a) authorizes the police to conduct a routine warrantless inspection of the books and records as well as the premises of a vehicle dismantling business.

The constitutionality of these statutory provisions has been upheld in a number of cases (*see, e.g., People v Tinneny,* 99 Misc 2d 962; *People v Camme,* 112 Misc 2d 792).

In the case at bar, the officer, upon arriving at defendant's yard, observed several signs indicating that the business was engaged in the dismantling of vehicles and dealing in used auto parts. Moreover, there were several dismantled vehicles on the premises. In view of these observations, it is clear that the officer acted reasonably in assuming that defendant was a vehicle dismantler and justifiably sought to review the business records and inspect the premises.

Even assuming that defendant was not engaged in the vehicle dismantling business, it is undisputed that his premises was an auto junkyard. Accordingly, the officer's warrantless administrative inspection of defendant's premises was also justified under New York City Charter § 436, which authorizes the police department to conduct warrantless inspections of the premises of junkshop keepers. On this point it is significant to note that the case at bar is readily distinguishable from *People v Pace* (101 AD2d 336). In *Pace,* the officers conducted a warrantless inspection of the defendants' auto junkyard for the express purpose of gathering evidence of a crime. This court held that the warrantless inspection could not be justified under New York City Charter § 436 since the "officers expressly maintained that their mission was to gather evidence of a crime rather than to administer any regulatory scheme" (*People v Pace, supra,* p 340). In the instant case the officer was seeking to administer the regulatory schemes under Vehicle and Traffic Law § 415-a (5) (a) and New York City Charter § 436. There is no suggestion in the record that the express purpose of the officer's inspection of defendant's yard was to gather evidence of a crime. Accordingly, the officer's conduct herein was proper and justified.

Moreover, defendant's present challenge to the court's ruling which denied suppression of his statements to the police was also not preserved for appellate review since this particular ground for suppression was not raised at the hearing (CPL 470.05 [2]; *People v Jones, supra*). In any event, we find defendant's argument to be without merit. The statements sought to be suppressed were those spontaneously made by defendant in reply to the officer's request to inspect his premises. Defendant stated that his attorney had advised him that no one was to search the premises without a warrant. Defendant's refusal to permit inspection of the premises was highly relevant insofar as it provided evidence of consciousness of guilt (*People v Potter,* 50 AD2d 410, 413). It is particularly significant that under Vehicle

and Traffic Law § 415-a (5) (a) and New York City Charter § 436, defendant's refusal was punishable by fine or imprisonment. Moreover, defendant's reference to the advice of his counsel was highly relevant as evidence that defendant had control over the yard and that he accordingly exercised dominion and control over the stolen property. Since the introduction of defendant's statements insofar as they referred to the advice of his counsel was not done for the sole purpose of inferring his consciousness of guilt, the admissibility of such evidence was not improper (*cf. People v Von Werne,* 41 NY2d 584; *People v Al-Kanani,* 26 NY2d 473).

We have reviewed defendant's other contentions and find them to be without merit. Lazer, J. P., Bracken, Rubin and Eiber, JJ., concur.