■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH BURGER, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered August 15, 1984, convicting him of criminal possession of stolen property in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Douglass, J.), of defendant's renewed motion to suppress certain evidence.

Judgment affirmed. This case is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

Citing this court's opinion in *People v Pace* (101 AD2d 336, *affd* 65 NY2d 684), defendant claims that the warrantless inspection of his automobile junkyard by the police violated his constitutional rights. The instant case is, however, clearly distinguishable from *People v Pace* (*supra*). In *Pace*, the police used the pretext of an administrative inspection to conduct an unconstitutional warrantless search for evidence of a crime. In the instant case, the police were seeking to administer the regulatory schemes set forth in Vehicle and Traffic Law § 415-a and New York City Charter § 436. The constitutionality of these statutory provisions has recently been upheld by this court (*People v Cusumano*, 108 AD2d 752).

Upon review of the record, we find no merit to defendant's claim that, as in *Pace* (*supra*), the police were using the administrative inspection as a pretext to gather evidence of a crime. Thus, the conduct of the police was proper and the judgment should be affirmed. Mangano, J. P., Thompson, Brown and Kunzeman, JJ., concur.