■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL SESSIONS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered July 15, 1988, convicting him of possession of burglar's tools, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

On November 18, 1987, at 3:30 P.M., police officers conducted a random administrative inspection of Lucky's Auto Parts in Queens pursuant to Vehicle and Traffic Law § 415-a (5) (a). That statute authorizes the police to conduct a routine warrantless inspection of the books, records, and premises of a vehicle dismantling business. Stolen vehicles were discovered on the premises, and the defendant was arrested. The defendant contends that Vehicle and Traffic Law § 415-a (5) (a) is violative of NY Constitution, article I, § 12. The defendant further contends that the inspection by the police did not conform to the requirements of the statute. We disagree.

This court has recently upheld the validity of Vehicle and Traffic Law § 415-a (5) (a) under the New York State Constitution *(People v Keta,* 165 AD2d 172; *see also, New York v*

*Burger,* 482 US 691). Further, the inspection by the police complied with the requirements of that statute. The police officers randomly selected a weekday during business hours in arriving at the premises at 3:30 P.M. On their arrival they observed several signs indicating that the business was engaged in vehicle dismantling. Notably, they observed approximately seven cars in the facility, ranging in condition from intact to completely dismantled. The defendant was working in the vicinity of the engine compartment of a car. The hood and rear door were off the car and it appeared to be in the beginning stages of being dismantled. Thus, the police officers acted reasonably in assuming that Lucky's Auto Parts was a vehicle dismantling business and properly sought to inspect the premises *(see, People v Cusumano,* 108 AD2d 752; *People v Tinneny,* 99 Misc 2d 962).

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Kooper, Miller and Ritter, JJ., concur.