In the Matter of VINCENT A. KEMP, Petitioner, v ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Respondents. [697 NYS2d 797] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: Petitioner commenced this proceeding challenging the determination after a fair hearing of respondent New York State Department of Social Services, now known as the New York State Office of Temporary and Disability Assistance (OTDA), affirming a decision of respondent Erie County Department of Social Services (DSS). Petitioner requested direct vendor payment of his electric utility bill and was originally informed that $18 per month would be restricted from his grant and paid to the utility. The utility informed DSS that a current meter reading was needed to establish the correct amount. Based upon that reading the utility determined that the correct amount was $36 per month, the amount of the monthly budget billing. DSS notified petitioner that it would restrict that amount from his grant, and petitioner requested a fair hearing with respect to that determination. He contended that $18 was the correct amount. The determination of OTDA that the local agency correctly determined that $36 should be withheld is supported by substantial evidence (see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176, 181-182). The amount of a social services voucher for domestic utilities is based on the actual cost of the service (see, 18 NYCRR 352.29 [e] [2]; 87 ADM-51). The amount challenged was supported by the most recent meter reading. Petitioner's reliance on Matter of Williams v D'Elia (119 AD2d 678) to support the allegation that an unlawful percentage was deducted is misplaced. That case concerns recoupment of overpayments by the agency. No recoupment is involved here.

At the fair hearing petitioner also attempted to challenge the deductions from his grant for direct vendor payment of gas utility bills since 1986. The finding of the Administrative Law Judge (ALJ) that the fair hearing request did not cover that issue was not disputed. Thus, petitioner did not exhaust his administrative remedies with respect to that issue (see, Matter of Nelson v Coughlin, 188 AD2d 1071, appeal dismissed 81 NY2d 834).

Petitioner further contends in his brief that the ALJ was biased. That contention is not raised in the CPLR article 78 petition, and thus it is not preserved for our review (*see, Gregory v Town of Cambria,* 69 NY2d 655). In any event, we conclude that the contention is without merit. (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Erie County, Michalek, J.) Present—Pine, J. P., Hayes, Pigott, Jr., Scudder and Callahan, JJ.