■ In the Matter of P. GENE CRANDALL, Appellant, v TOWN OF MENTZ et al., Respondents. [745 NYS2d 347] —Appeal from a judgment (denominated order) of Supreme Court, Cayuga County (Contiguglia, J.), entered July 10, 2001, which, inter alia, granted respondents' motion to dismiss the CPLR article 78 petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to compel respondent Code Enforcement Officer of respondent Town of Mentz (Town) to issue him a junkyard license for the year 2001, and to prohibit the Code Enforcement Officer from issuing appearance tickets based on his lack of a license for the year 2001. Supreme Court properly dismissed the petition. On a prior appeal in a related action, we reversed an order granting the motion of the Town for partial summary judgment seeking a permanent injunction prohibiting petitioner, the defendant in that action, from using his property as a junkyard. We remitted the matter to Supreme Court, Cayuga County, for further proceedings before a different judge based on our determination that "[t]he record is replete with issues of fact" (*Town of Mentz v Crandall*, 288 AD2d 841, 842). Petitioner contends that the issuance of an appearance ticket for his violation of the Town's Local Law No. 3 (Junkyard Law) is in contravention of this Court's order entered April 4, 2001 staying all proceedings to enforce two orders of Supreme Court that, inter alia, granted injunctions pending determination of the appeals from those orders. We disagree. Our prior order has no application to the enforcement

of regulations relating to petitioner's alleged operation of a junkyard without a license (*see* CPLR 5519 [f]; *see also Spillman v City of Rochester*, 132 AD2d 1008, 1009).

Petitioner further contends that the Code Enforcement Officer's refusal to issue the junkyard license was arbitrary and capricious and an abuse of discretion. We reject that contention. Section 8 (h) of the Junkyard Law provides that "[t]he town constable, building inspector, town clerk, zoning officer, or any authorized representatives of the town board shall be granted access to the licensed premises at all reasonable hours to inspect the same for compliance herewith." Petitioner concedes that he did not allow the Code Enforcement Officer to inspect his books and records pursuant to his application for the renewal of his junkyard license for the year 2001. Although in the related action Supreme Court on remittal may determine that petitioner is exempt from set-back and fencing requirements, petitioner nevertheless must comply with environmental, aesthetic and safety requirements, and he must permit access to his premises for the purpose of verifying his compliance with the Junkyard Law. Thus, as the court herein properly determined, the refusal to issue the junkyard license based on the failure of petitioner to allow reasonable inspection of his books and records to verify his compliance with the Junkyard Law is not arbitrary or capricious, nor is it an abuse of discretion (*see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 230-231). Moreover, because the Junkyard Law requires that access be provided only with respect to those records that are relevant in determining compliance with the Junkyard Law, the provision in the Junkyard Law requiring such access does not violate the proscription against unreasonable searches and seizures in either the Fourth Amendment of the United States Constitution or article I, § 12 of the New York State Constitution (*cf. People v Keta*, 79 NY2d 474, 491-501). Present—Pigott, Jr., P.J., Hayes, Kehoe, Gorski and Lawton, JJ.