■ In the Matter of GAIL MURTAUGH, Individually and Doing Business as CROSBY HILL AUTO RECYCLING, et al., Appellants, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Respondents. (Proceeding No. 1.) STATE OF NEW YORK et al., Respondents, v GAIL D. MURTAUGH, Individually and Doing Business as CROSBY HILL AUTO RECYCLING, et al., Appellants, et al., Defendants-Respondents. (Proceeding No. 2.) (Appeal No. 1.) [841 NYS2d 189]—

Appeal from a judgment (denominated order) of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered August 30, 2006 in a proceeding pursuant to CPLR article 78. The judgment, among other things, dismissed the first, second and third causes of action in proceeding No. 1. The court transferred the fourth cause of action in that proceeding to the Appellate Division of the Supreme Court in the Fourth Judicial Department.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs, the determination is confirmed and the petition is dismissed in its entirety.

Memorandum: By a summary abatement order (SAO), the New York State Department of Environmental Conservation (DEC), a respondent in proceeding No. 1 and a plaintiff-petitioner in proceeding No. 2, halted allegedly environment-polluting operations at a vehicle scrap yard, known as the Crosby Hill site, owned and operated by the petitioners in proceeding No. 1 and certain of the defendants-respondents in proceeding No. 2 (hereafter, petitioners). Following an administrative hearing, the Administrative Law Judge (ALJ) recommended that the SAO be continued, and DEC's then Acting Commissioner (Commissioner), who is a respondent in proceeding No. 1 and a plaintiff-petitioner in proceeding No. 2, adopted that recommendation and continued the SAO. Petitioners then commenced proceeding No. 1 pursuant to CPLR article 78 seeking, inter alia, to "overturn" the Commissioner's determination

continuing the SAO. In answering the petition in proceeding No. 1, respondents asserted various counterclaims based on allegations that petitioners were continuing to contaminate the Crosby Hill site and an adjacent property, known as the Flood Drive site, in violation of the SAO and various provisions of the Environmental Conservation Law and Navigation Law.

By its judgment in appeal No. 1, Supreme Court, inter alia, granted those parts of respondents' motion to dismiss the first through third causes of action of the petition seeking, respectively, to compel the DEC to comply with the request of petitioners pursuant to the Freedom of Information Law and for attorneys' fees (see generally Public Officers Law § 89 [4] [c]), to enjoin the DEC's allegedly illegal operation of the old City of Fulton Hazardous Waste Site and the County of Oswego Emergency Vehicle Operations Center, and to annul the ALJ's determination reducing from 15% to 10% the "markup" on a certain environmental consultant's fee. The court transferred to this Court the fourth cause of action (see generally CPLR 7804 [g]), pursuant to which petitioners seek to annul the quasi-judicial determination of the Commissioner continuing the SAO.

We conclude that the court properly granted those parts of respondents' motion with respect to the first through third causes of action, and we further conclude with respect to the fourth cause of action that substantial evidence supports the determination that petitioners had "violated the New York State Navigation Law by discharging petroleum and petroleum products at the site, by failing to make the required notifications, and by failing to immediately contain such discharges, and ha[d] violated articles 17, 27 and 37 of the Environmental Conservation Law and the regulations promulgated thereto in releasing and discharging hazardous substances and other pollutants and contaminants at the site and in disposing of solid waste on the site," including in a federally protected wetland (see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 230-231 [1974]). Under the substantial evidence standard, "[i]t is the responsibility of the administrative agency to weigh the evidence and choose [from] among competing inferences therefrom and, so long as the inference drawn and the ultimate determination made are supported by substantial evidence, it is not for the court to substitute its judgment for that of the administrative agency" (Matter of Shorts Bar of Rochester Inc. v New York State Liq. Auth., 17 AD3d 1101, 1102 [2005]). Issues of witness credibility are likewise for the administrative agency to resolve in the exercise

of its exclusive fact-finding authority (*see Matter of Correia v City of Rochester*, 299 AD2d 854, 854-855 [2002]; *Matter of Wiley v Hiller*, 277 AD2d 1024, 1025 [2000], *appeal dismissed* 96 NY2d 852 [2001]; *see also Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444 [1987]). We further conclude in appeal No. 1 that petitioners failed to exhaust their administrative remedies with respect to their challenge to the constitutionality of ECL 71-0301 and 6 NYCRR part 620 insofar as they place an evidentiary burden upon the subject of an SAO (*see generally People ex rel. Bratton v Mellas*, 28 AD3d 1207 [2006], *lv denied* 7 NY3d 705 [2006]; *Matter of Nelson v Coughlin*, 188 AD2d 1071 [1992], *appeal dismissed* 81 NY2d 834 [1993]). In addition, petitioners failed to preserve that challenge for our review by failing to include it in the petition (*see generally Gregory v Town of Cambria*, 69 NY2d 655, 656-657 [1986]; *Matter of Koschuk v Kleinfelder*, 270 AD2d 963 [2000]; *Matter of Kemp v Erie County Dept. of Social Servs.*, 266 AD2d 905 [1999]; *Matter of Kavakos v McCall*, 251 AD2d 857, 858-859 [1998], *lv denied* 92 NY2d 812 [1998]). We have considered petitioners' remaining contentions with respect to appeal No. 1 and conclude that they are without merit. We therefore affirm the judgment in appeal No. 1, confirm the determination and dismiss the petition in its entirety.

Insofar as relevant herein, by its order in appeal No. 2 the court denied petitioners' motion seeking, inter alia, to prohibit the DEC from investigating and remediating known and suspected discharges, spills and releases of hazardous substances and hazardous waste at the Crosby Hill site and granted respondents' cross motion for an order permitting entry. The court thereby directed petitioners to cease "all car processing activities at the Crosby Hill site" and enjoined them from interfering with the actions of the DEC and its contractors in investigating and remediating the Crosby Hill and Flood Drive sites. Contrary to the contention of petitioners, the court properly concluded that the DEC's authority under Navigation Law § 176 (2) (a) and § 178 to enter, inspect and remediate contaminated property without first obtaining a warrant or other court order does not conflict with petitioners' federal and state constitutional rights against unreasonable searches and seizures.

Legislative enactments are afforded a strong "presumption of constitutionality, imposing a heavy burden on [the] party trying to overcome" that presumption by proof beyond a reasonable doubt (*Matter of Carpenter Tech. Corp. v Commissioner of Taxation & Fin.*, 295 AD2d 830, 834 [2002], *lv denied* 99 NY2d 501

[2002]; *see State of New York v Dennin*, 17 AD3d 744, 747 [2005], *lv dismissed* 5 NY3d 824 [2005]; *Chilberg v Chilberg*, 13 AD3d 1089, 1092 [2004]; *see generally Maresca v Cuomo*, 64 NY2d 242, 250 [1984], *appeal dismissed* 474 US 802 [1985]). Although constitutional protections against unreasonable searches and seizures apply to administrative inspections of private commercial property, those engaged in business in industries subject to a complex and pervasive pattern of regular and close supervision and inspection have a substantially diminished expectation of privacy in such business affairs, and that diminished "privacy interest may, in certain circumstances, be adequately protected by regulatory schemes authorizing warrantless inspections" (*Donovan v Dewey*, 452 US 594, 599 [1981]; *see generally Marshall v Barlow's, Inc.*, 436 US 307, 313 [1978]; *People v Quackenbush*, 88 NY2d 534, 541-542 [1996]). The dismantling of vehicles is a pervasively regulated industry (*see People v Cusumano*, 108 AD2d 752, 753 [1985]). Under the statutory scheme, respondents' entry is in furtherance of the substantial governmental interest in environmental protection and remediation, rather than in furtherance of criminal investigation and prosecution (*cf. People v Scott*, 79 NY2d 474, 498-499 [1992]; *People v Burger*, 67 NY2d 338, 344 [1986]). Moreover, the statute furnishes " 'a constitutionally adequate substitute for a warrant' " by informing the property owner of the prospect of the inspection and limiting the discretion of the inspecting officers (*Quackenbush*, 88 NY2d at 542). Thus, the owner is informed in advance that the inspections to which he or she is subject do not constitute discretionary acts by a government official but are conducted pursuant to statute. The owner further is informed in advance that the entry will be made only by DEC officials, agents, and contractors, that the entry will be made only in the event of actual or suspected discharges of petroleum or petroleum byproducts onto the lands or into the waters of the state, and that the intrusion will last only until any contamination is remediated. We thus conclude that the Navigation Law provisions do not violate the proscription against unreasonable searches and seizures contained in the Fourth Amendment of the United States Constitution or article I, § 12 of the New York State Constitution (*see Matter of Crandall v Town of Mentz*, 295 AD2d 907, 908 [2002]). We therefore affirm the order in appeal No. 2. Present—Hurlbutt, J.P., Martoche, Smith, Fahey and Green, JJ.