■ In the Matter of GAIL MURTAUGH, Individually and Doing Business as CROSBY HILL AUTO RECYCLING, et al., Appellants, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Respondents. (Appeal No. 1.) [20 NYS3d 924]—Appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered January 22, 2014 in a proceeding pursuant to CPLR article 78. The order, among other things, denied petitioners' cross motion to dismiss the counterclaims.

Appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered October 17, 2014 in a proceeding pursuant to CPLR article 78. The order, among other things, granted petitioners' motion to reargue their cross motion to dismiss, and upon reargument, denied the cross motion to dismiss the counterclaims.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: This appeal arises from a CPLR article 78 proceeding seeking various forms of relief, including the reversal of a summary abatement order (SAO) issued by respondent Denise M. Sheehan, Commissioner of respondent New York State Department of Environmental Conservation (DEC). Respondents answered and raised, inter alia, a series of counterclaims. Petitioners submitted a reply in which they raised the issue of jurisdiction over the counterclaims by contending that the Attorney General (AG) had not filed a summons or complaint to commence an action in which those claims could be raised, and that the AG was not a party to this proceeding and thus could not raise those claims as counterclaims herein. Respondents moved in 2006 to dismiss several causes of action and for summary judgment on the counterclaims, and petitioners, in effect, cross-moved to strike parts of the counterclaims. The court granted respondents' motion in part, dismissed the first three causes of action, and transferred to this Court the issue of whether the DEC's resolution of the SAO was supported by substantial evidence. The court further concluded that "[n]o jurisdictional or statute of limitation issue [was] present." Petitioners appealed from that judgment without challenging the propriety of the counterclaims or the court's jurisdiction to entertain them. This Court affirmed the judgment, confirmed the DEC's determination, and dismissed the petition in its entirety (*Matter of Murtaugh v New York State Dept. of Envtl. Conservation*, 42 AD3d 986 [2007], *lv dismissed* 9 NY3d 971 [2007]).

Respondents thereafter moved to consolidate this proceeding with other litigation, and petitioners again sought to dismiss the counterclaims on the ground that the court lacked jurisdiction over the counterclaims because the AG, as the person entitled to raise them, was not a party to this proceeding and thus was required to raise them in a separate proceeding. Petitioners appeal from an order that, upon reargument, adhered to the court's prior decision that, inter alia, denied the cross motion on res judicata grounds. We affirm. Petitioners'

contentions regarding the imposition of counterclaims by the DEC "were previously raised . . . or could have been raised on a prior appeal in this matter . . . Therefore, reconsideration of these [contentions] is barred by the doctrine of the law of the case" (*Juhasz v Juhasz*, 101 AD3d 1690, 1690 [2012] [internal quotation marks omitted]), which "has been aptly characterized as 'a kind of intra-action res judicata' " (*People v Evans*, 94 NY2d 499, 502 [2000], *rearg denied* 96 NY2d 755 [2001], quoting Siegel, NY Prac § 448 at 723 [3d ed 1999]). "The law of the case doctrine generally precludes relitigating an issue decided in an ongoing action where there previously was a full and fair opportunity to address the issue" (*Town of Massena v Healthcare Underwriters Mut. Ins. Co.*, 40 AD3d 1177, 1179 [2007]), and petitioners had such an opportunity here. Present—Scudder, P.J., Smith, Carni, Lindley and Valentino, JJ.