# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1125**
**CA 14-02061**
PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND VALENTINO, JJ.

---

IN THE MATTER OF GAIL MURTAUGH, INDIVIDUALLY
AND DOING BUSINESS AS CROSBY HILL AUTO RECYCLING,
RICHARD R. MURTAUGH AND MURTAUGH
RECYCLING CORP., PETITIONERS-APPELLANTS,

                       V                              MEMORANDUM AND ORDER

NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL
CONSERVATION AND DENISE M. SHEEHAN, COMMISSIONER,
RESPONDENTS-RESPONDENTS.
(APPEAL NO. 2.)

---

BRICKWEDDE LAW FIRM, SYRACUSE (KEVIN C. MURPHY OF COUNSEL), FOR
PETITIONERS-APPELLANTS.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATHLEEN M. ARNOLD OF
COUNSEL), FOR RESPONDENTS-RESPONDENTS.

---

    Appeal from an order of the Supreme Court, Onondaga County
(Deborah H. Karalunas, J.), entered October 17, 2014 in a proceeding
pursuant to CPLR article 78. The order, among other things, granted
petitioners' motion to reargue their cross motion to dismiss, and upon
reargument, denied the cross motion to dismiss the counterclaims.

    It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

    Memorandum: This appeal arises from a CPLR article 78 proceeding
seeking various forms of relief, including the reversal of a summary
abatement order (SAO) issued by respondent Denise M. Sheehan,
Commissioner of respondent New York State Department of Environmental
Conservation (DEC). Respondents answered and raised, inter alia, a
series of counterclaims. Petitioners submitted a reply in which they
raised the issue of jurisdiction over the counterclaims by contending
that the Attorney General (AG) had not filed a summons or complaint to
commence an action in which those claims could be raised, and that the
AG was not a party to this proceeding and thus could not raise those
claims as counterclaims herein. Respondents moved in 2006 to dismiss
several causes of action and for summary judgment on the
counterclaims, and petitioners, in effect, cross-moved to strike parts
of the counterclaims. The court granted respondents' motion in part,
dismissed the first three causes of action, and transferred to this
Court the issue of whether the DEC's resolution of the SAO was
supported by substantial evidence. The court further concluded that

"[n]o jurisdictional or statute of limitation issue [was] present."
Petitioners appealed from that judgment without challenging the
propriety of the counterclaims or the court's jurisdiction to
entertain them.  This Court affirmed the judgment, confirmed the DEC's
determination, and dismissed the petition in its entirety (*Matter of
Murtaugh v New York State Dept. of Envtl. Conservation*, 42 AD3d 986,
*lv dismissed* 9 NY3d 971).

Respondents thereafter moved to consolidate this proceeding with
other litigation, and petitioners again sought to dismiss the
counterclaims on the ground that the court lacked jurisdiction over
the counterclaims because the AG, as the person entitled to raise
them, was not a party to this proceeding and thus was required to
raise them in a separate proceeding.  Petitioners appeal from an order
that, upon reargument, adhered to the court's prior decision that,
inter alia, denied the cross motion on res judicata grounds.  We
affirm.  Petitioners' contentions regarding the imposition of
counterclaims by the DEC "were previously raised . . . or could have
been raised on a prior appeal in this matter . . . Therefore,
reconsideration of these [contentions] is barred by the doctrine of
the law of the case" (*Juhasz v Juhasz*, 101 AD3d 1690, 1690 [internal
quotation marks omitted]), which "has been aptly characterized as 'a
kind of intra-action res judicata' " (*People v Evans*, 94 NY2d 499,
502, *rearg denied* 96 NY2d 755, quoting Siegel, New York Practice §
448, at 723 [3d ed]).  "The law of the case doctrine generally
precludes relitigating an issue decided in an ongoing action where
there previously was a full and fair opportunity to address the issue"
(*Town of Massena v Healthcare Underwriters Mut. Ins. Co.*, 40 AD3d
1177, 1179), and petitioners had such an opportunity here.

Entered:  December 23, 2015                          Frances E. Cafarell
                                                     Clerk of the Court